MOLTON RICKARDS, defend't. *vs.* ROBERT PATTERSON, plaintiff.

Referees may adjourn a cause for consideration, but the adjournment must appear by record.

On certiorari to a judgment by scire facias on a transcript from another county, will the court revise the original judgment.

CERTIORARI to Justice Wilds, of Kent county, on a judgment in sci. fa. on a judgment by Justice Fennimore, of New Castle county.

The record showed the transcript of a suit before Justice Fennimore, of New Castle county, by Patterson against Rickards, and judgment on the 17th of June, 1845, by default for plaintiff, for $23 11; and execution issued and endorsed " not put in the hands of constable ; defendant appears and opens judgment for trial." On this transcript Justice Wilds, of Kent county, issued a scire facias on the 17th of July, 1848, to which there was an appearance; and, after several adjournments, a trial by referees on the 19th of August; report by them September 1st, and judgment for plaintiff for $15 00.

*Mr. Smithers* filed the following exceptions :—1. That there was no judgment on Justice Fennimore's docket, which would authorize a scire facias, as the judgment rendered on the 17th of June had

been opened.    2. That the referees' report on the 1st of September, was illegal, as the case was tried on the 19th of August, and there was no adjournment, shown by the record, either by the justice or the referees.    3. That the sum found due did not appear, except by reference to the body of the report ; and, 4. That it did not appear from the *record* that the award was in writing, otherwise than by reference to the award itself.    (*Digest,* 3 17 ; 2 *Harr. Rep.,* 74.)

*Comegys,* contra.—1. The judgment in New Castle county was not actually opened.    2. This court will not reverse a judgment rendered in New Castle county.    To do that a certiorari should be taken in New Castle county.    This court may reverse Justice Wilds' judgment, but not Justice Fennimore's.    3. As to adjournments, the referees had the control of the case, and not the justice, and they adjourned the cause.    (4 *Harr. Rep.,* 353, *Deputy* vs. *Betts.*)

*Smithers.*—Referees may adjourn a case, but it must appear that they have adjourned it.

*The Court* reversed the proceedings before Justice Wilds, on the third exception, viz : that although the adjournment might be by the referees, the record must show that there was such adjournment.

By consent then, and by request of *Mr. Comegys,* the whole proceedings were reversed.

*Comegys,* for plaintiff below.
*Smithers,* for defendant below.